UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY LEE WHEELER,

    Applicant,

v.                                                   CASE NO. 8:17-cv-364-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    Wheeler applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for attempted sexual batteries and lewd molestation, for which he is imprisoned for twenty-five years. The respondent correctly argues that the application is time-barred. Notwithstanding his numerous papers opposing the respondent's argument,[1] Wheeler neither refutes the respondent's un-timeliness argument nor shows his entitlement to either equitable tolling of the limitation or the actual innocence exception to the limitation. As a consequence, Wheeler is not entitled to a review on the merits of his application.

---

[1] Pending are Wheeler's three motions for leave to file additional papers (Docs. 34–36), which the district court will grant. Similar to his earlier papers, Wheeler persists in arguing the merits of his application, despite the caution in the earlier order (Doc. 21) that Wheeler must focus on the respondent's timeliness argument. Even considering the additional papers, Wheeler fails to show entitlement to a review on the merits.

In separate cases Wheeler was charged with two counts of sexual battery in the first case and both four counts of sexual battery and one count of lewd molestation in the second case. Each information charged that Wheeler was over eighteen and the victim was less than twelve. Under the terms of a plea agreement, the six sexual battery charges were reduced to attempted sexual battery and Wheeler was sentenced to twenty-five years imprisonment. In 2010 Wheeler unsuccessfully moved to withdraw his plea and in 2011 he unsuccessfully appealed.

**One-Year Statute of Limitation:**

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A)  Additionally, under Section 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Wheeler's conviction became final on August 16, 2011.[2] (Respondent's Exhibit 15) The applicable limitation barred his claim one year later absent tolling

---

[2] Wheeler's direct appeal concluded on May 18, 2011, when the conviction and sentence were affirmed. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

for a timely post-conviction application in state court. Wheeler commenced no post-conviction proceeding before the one-year deadline. As a consequence, the federal limitation expired on August 16, 2012.

In 2014 Wheeler moved for post-conviction relief under state Rule 3.850, but the motion was denied as untimely under Florida's two-year statute of limitation. (Respondent's Exhibits 19) The motion afforded Wheeler no tolling because the federal limitation expired two years earlier. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Because the federal one-year limitation had already expired, the state motion for post-conviction relief failed to toll the federal limitation to allow Wheeler to file a future federal action.

To avoid the untimeliness under Section 2244(d)(1)(A) based on the finality of the convictions, Wheeler asserts entitlement to another limitation under Section 2244(d)(1)(D) based on newly discovered evidence. Under Section 2244(d)(1)(D), the one-year limitation begins from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The limitation starts when the new evidence was discoverable, not when the evidence was actually discovered, as *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), explains:

> The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *See*

> § 2244(d)(1)(D); *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004). Although we have not defined due diligence with respect to a § 2244(d)(1)(D) claim, we have addressed it in the analogous context of a second federal habeas petition which is based on newly discovered facts. *See In re Boshears,* 110 F.3d 1538, 1540 (11th Cir. 1997) (*per curiam*). In the latter context, a petitioner must show that "'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)(i)). Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date. *Id.* Merely alleging that an applicant "did not actually know the facts underlying his or her claim does not pass the test." *Id.* Instead, the inquiry focuses on "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'" *Id.* (citation omitted).

*See Frederick v. McNeil*, 300 F. App'x 731, 734 (11th Cir. 2008) ("[T]he appropriate standard [for proving entitlement to a limitation under Section 2244(d)(1)(D)] is whether or not the state prisoner exercised due diligence in discovering the factual predicate for his claim."). Wheeler's asserted newly discovered evidence is "fabricated fraudulent . . . misconduct" both by the prosecutor's not divulging that Wheeler had claimed that he was not involved in the alleged crimes and (possibly, but not so clearly asserted) by the prosecutor's amending the information, neither of which qualifies as "newly discovered evidence" because Wheeler knew about both before he pleaded guilty under the favorable terms of the plea agreement.

**Exception to the Limitation:**

Affording his papers a generous interpretation, Wheeler asserts entitlement to the "actual innocence" exception to the limitation and argues that "manifest injustice" will occur if his application is not reviewed on the merits. Throughout his many papers Wheeler boldly scatters the terms "**ACTUAL INNOCENCE**" and

- 4 -

"**MANIFEST INJUSTICE**."[4] Although Wheeler can challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert an otherwise time-barred or procedurally barred federal claim.[5] Passage through the gateway is difficult to obtain because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)).

Wheeler bears the burden of proving that he did not commit the criminal offense for which he is imprisoned, because "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *House v. Bell*, 547 U.S. 518, 538 (2006) (internal citation omitted),

---

[4] Occasionally Wheeler includes the term "equitable tolling" but he never explains his entitlement to that exception to the limitation.

[5] Wheeler asserts no "free standing" claim of actual innocence; he asserts actual innocence only as a means of escaping the limitation's bar. The Supreme Court has never recognized the existence of a "free standing" claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)).

explains that the applicant's burden, although demanding, is not absolute proof of innocence:

> [I]t bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case . . . . At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

A sufficient showing of actual innocence can overcome the limitation bar, as *Perkins*, 569 U.S. at 386, explains:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations.

Wheeler presents no basis for believing that a reasonable juror would not have found him guilty beyond a reasonable doubt if the juror knew about his new evidence. Wheeler presents no fact of his "actual innocence," that is, his factual innocence of the crimes. Instead of factual challenges to the underlying crimes, Wheeler presents legal challenges to the prosecutor's amending the information, to the plea colloquy, to the absence of DNA evidence, and to his sentence. Wheeler fails to prove entitlement to the actual innocence exception to the limitation.

Accordingly, Wheeler's motions (Docs. 34–36) are **GRANTED**. Wheeler's application under Section 2254 for the writ of habeas corpus (Doc. 1) is

**DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Wheeler and close this case.

ORDERED in Tampa, Florida, on May 21, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE